### ATZINGER v. ATZINGER.

1. Deeds—Mental Competency—Fraud—Undue Influence.
    In a suit to set aside plaintiff's deed to her stepson and his wife on the ground of fraud and undue influence, the court passes upon plaintiff's mental capacity to convey and decides whether or not such conveyance was procured by fraud or undue influence.

2. Appeal and Error—Chancery Cases—De Novo Review—Findings of Trial Court—Evidence.
    While the Supreme Court hears chancery cases de novo and arrives at its own conclusion on the issues involved and is not restricted by the findings of the trial court, due weight is given such findings, especially when there is an advantage in seeing and hearing a witness whose mental and physical condition was involved.

References for Points in Headnotes
[2] 3 Am Jur, Appeal and Error, §§ 814, 815.
[6] 14 Am Jur, Costs, §§ 91, 97.

3. DEEDS—FRAUD—DURESS—UNDUE INFLUENCE—EVIDENCE.

In suit to set aside deed on ground of fraud, duress, and undue influence, evidence *held*, to sustain trial court's finding that deed was not procured by fraud, duress, or undue influence.

4. BILLS AND NOTES—BANK MONEY ORDER—INDORSEMENT—PRESUMPTION.

Where a defendant appears to have indorsed a bank money order, it is presumed he received the proceeds therefrom.

5. SAME — BANK MONEY ORDER — INDORSEMENT — PAYMENT — INTEREST.

In suit to recover proceeds of bank money orders where it is shown defendant indorsed them, it is presumed he received the proceeds therefrom and where there is no evidence that he paid the proceeds to plaintiff and her testimony was that she. had not received any money in payment therefor, she is entitled to decree for such sums with interest.

6. COSTS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

Where plaintiff appealed from decree denying her relief by way of setting aside her deed to defendants or obtaining a money decree from them and on appeal obtained a money decree against the estate of one defendant only, no costs are awarded, since neither party has fully prevailed.

Appeal from Ingham; Coash (Louis E.), J. Submitted April 12, 1949. (Docket No. 57, Calendar No. 44,392.) Decided June 6, 1949. Rehearing denied June 29, 1949.

Bill by Emma C. Atzinger against Frank X. Atzinger and Pearl E. Atzinger to set aside a deed and for a money judgment. Decree for defendants. Plaintiff appeals. Affirmed in part, reversed in part.

*Pierce, Planck & Ramsey,* for plaintiff.

*Hubbard, McCullough & Fox,* for defendants.

SHARPE, C. J. This is a suit in chancery to set aside a deed to property and for a money judgment.

Plaintiff, Emma C. Atzinger, is a widow approximately 60 years of age. Her husband, the father of

defendant Frank X. Atzinger, died in 1941. Following his death, plaintiff continued to live in the homestead. On June 2, 1945, plaintiff executed a deed conveying the home to defendants, Frank X. and Pearl E. Atzinger, under circumstances which form the basis for the present suit in chancery.

After the death of plaintiff's husband, her father lived with her. Plaintiff also has relatives in Illinois and Missouri. For some time prior to the death of plaintiff's husband, Frank X. and Pearl E. Atzinger were friendly and maintained close relations with plaintiff who was afflicted with some difficulty with her feet. Because of her difficulty in walking the defendants performed many errands for her, went to stores for her where they purchased food and clothing, and often drove her to places where she wanted to go.

Prior to the execution of the deed in question, defendant Frank X. Atzinger consulted an attorney and had the deed prepared and on the day in question drove plaintiff to a point near where the attorney conducted his law office. Plaintiff remained in the car and the attorney came to where she was and had her sign and execute the deed. Following the execution of the deed, defendant Frank X. Atzinger paid taxes on the home and had it redecorated. Plaintiff continued to remain in the home.

In her bill of complaint, plaintiff says that on the day she signed the deed, she was told by Frank X. Atzinger to sign the paper; that she did not read it nor was it read to her; that defendants also obtained two negotiable money orders from her in the amount of $1,990 and converted the same to their own use.

The cause came on for trial and considerable testimony was taken. The trial court dismissed plaintiff's bill of complaint and in an opinion stated:

"As I have stated, this court cannot find that there was any fraud or undue influence used to get plaintiff to sign the deed. The transaction took place in 1945 and the plaintiff continued to reside in the premises after that date. The testimony did not show that she was in any way mentally incompetent either before or after the date the deed was signed. She allowed the defendants to pay the taxes on the property after June 2, 1945, as well as allowing defendants to make repairs and decorations in the house. There is no proof that the defendants did not show good faith and fairness in their part of the transaction. They have borne the expense of the taxes and repairs to the home and have allowed the plaintiff to reside therein.   *   *   *

"The plaintiff also asked the return of the two money orders.   *   *   *   There was testimony on the part of the plaintiff that she had given checks to the defendant to be cashed for her many times in the past and that the defendant would turn the money over to her or would buy certain articles that the plaintiff wanted. The burden of proof is upon the plaintiff to prove by preponderance of the evidence that the defendants received the two checks in question. The plaintiff testified that she had turned the checks over to the defendant but she could not testify as to whether or not they had ever given all the money to her. It was the habit of the plaintiff to give money to the defendants so they could buy things for her. There is no proof as to how much of the money was used for the benefit of the plaintiff or if it was all used. This court could only guess as to any balance that might be left, if any.   *   *   * This court finds that the plaintiff has not made out a sufficient case against the defendants for the value of the two checks.   *   *   *   There was no proof that the defendant Frank X. Atzinger had cashed checks but in view of the testimony of the plaintiff that she is not sure whether or not the money was returned to her, this court cannot find in favor of the plaintiff for the return of any money.   *   *   *

"Therefore this court cannot find that there was undue influence, fraud or duress used in the securing of the deed from the plaintiff, nor can this court find that she was not mentally competent to dispose of her property in the way that she did, and the prayer of plaintiff to have the deed set aside is hereby denied. This court also cannot find by a preponderance of the evidence that the plaintiff is entitled to a judgment for the amount of the two checks in question.   *   *   *

"Therefore plaintiff's bill of complaint may be dismissed. No costs will be allowed."

Plaintiff appeals and urges that the deed was obtained from her by fraud, duress and undue influence, and without consideration; and that the defendants fraudulently obtained and converted to their own use the two bank money orders aggregating $1,990. In considering the above issues the following facts must be taken into consideration. On August 19 and 20, 1945, the Bank of Lansing issued to plaintiff two bank money orders totalling $1,990. These money orders were made payable to Edward A. Schwanke. They were mailed to Mr. Schwanke in Illinois; he indorsed them so that they were made payable to plaintiff and returned them to her. Plaintiff indorsed each of these money orders and on September 7, 1945, both orders were cashed, having been signed by Frank X. Atzinger. In the deposition of Frank X. Atzinger, taken during the trial, he denies that he indorsed the money orders or retained their proceeds. We have examined the exhibits and the testimony relating to this issue and conclude that the evidence is overwhelming that Frank X. Atzinger falsely testified when he stated that he did not indorse the money orders. Disregarding the evidence of Frank X. Atzinger on the issue relating to the transfer of the real estate, there is competent evidence from which the trial court could find that

there was no undue influence, fraud or duress used in the securing of the deed from plaintiff.

Roy E. Smith, a witness called by the defense, testified:

"I am a practicing attorney in Lansing. On June 2, 1945, my office was located on South Washington avenue. I am acquainted with Frank X. Atzinger, but I do not know his wife. Frank X. Atzinger asked me to prepare a deed to a certain parcel of property in Lansing from Emma Atzinger to Frank X. Atzinger and his wife, Pearl. Plaintiff's exhibit B is that deed. It was witnessed by my wife and myself. I took the acknowledgement. It is true that Emma Atzinger was in front of my office on June 2, 1945, and that my wife and I went out to the car and she signed the deed in our presence, and we witnessed it and I then notarized it. It is my memory that Frank X. Atzinger had been into my office and asked me to prepare this paper, and told me that within a day or two he would bring Emma Atzinger down, and because of some disability or age, or something, it would be better if we had the paper executed in the car. On June 2, 1945, he came and told me that the lady was outside in the car, so I went out there and I talked with her about a minute or so, and asked her if she knew what she was doing, that she was deeding the property to Frank, she told me that she did know what she was doing and that was what she wanted to do, and that she had been living with him and that he had been good to her and that was what she wanted to do, and she did sign the deed. I asked her whether she understood what she was doing, and she said she did and that was what she wanted to do. Frank asked me if I would record the deed, and I had it recorded and he picked it up after it was mailed back to me."

Whether plaintiff was using her best judgment in conveying her home to her stepson is not in issue in this case. We only pass upon her mental capacity to convey and decide whether or not such convey-

ance was procured by fraud or undue influence. See *Berthuine* v. *Scewczyk,* 317 Mich 275.

In the case at bar the trial court had the advantage of seeing and hearing witnesses present and observing the mental and physical condition of plaintiff at the time of the trial. In speaking of plaintiff the court said: "She did not appear to this court to be a person who was mentally incompetent in any way." We hear chancery cases *de novo* and arrive at our own conclusion on the issues involved. We are not restricted by the findings of the trial court, but due weight is given to such findings of fact. On the record before us we think the trial court correctly determined the issue relating to the deed.

The facts relating to the bank money order have been heretofore stated. We have examined the exhibits and read the record. We readily come to the conclusion that the testimony of Frank X. Atzinger should be discredited in so far as it relates to receipt of the bank money orders. The evidence warrants our finding that Frank X. Atzinger received and indorsed the money orders. The presumption follows that he received the proceeds therefrom. There is no evidence that he paid the proceeds of these money orders to plaintiff.

Plaintiff testified: "I never saw the money orders after Frank took them away. I have never had any money from Frank and Pearl in payment of those money orders." In view of this testimony and the absence of any showing on the part of defendants that any part of the money was returned to plaintiff we conclude that plaintiff is entitled to the proceeds of these money orders. It is conceded by the attorneys for the interested parties that since the trial of this cause in the circuit court, Frank X. Atzinger has died. We have not been apprised whether or not an administrator has been appointed for his estate. However, if and when an administrator is ap-

pointed, the claim of $1,990 together with interest at 5 per cent. from September 1, 1945, may be filed and allowed against said estate.

The decree will be entered to conform to this opinion. Neither party having fully prevailed, no costs will be awarded.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.